We find no error in the judgment of the lower court.

Judgment affirmed.

152 So. 567

**TRASCHER v. DUCOTE.**

No. 31732.

Jan. 2, 1934.

Rehearing Denied Jan. 29, 1934.

Jose A. Morales and Henry J. Rhodes, both of New Orleans (Richard A. Dowling, of New Orleans, of counsel), for appellant.

Harold J. Moore, of New Orleans, for appellee.

BRUNOT, Justice.

The litigants were married on October 25, 1919. They have two minor sons and some community property. The suit is for a separation from bed and board. The suit is based upon alleged threats and acts of cruelty, on the part of the defendant toward the plaintiff, of such a character as to render their living together insupportable.

The plaintiff's prayer is for the temporary custody of the minor children, for alimony, for an injunction restraining the disposal of the community property, and restraining the defendant from molesting her, and, finally, for a judgment decreeing a separation from bed and board, and perpetuating the injunction.

The answer admits the marriage, the birth, age, and sex of the children and the existence of a community of acquêts and gains, but categorically denies all other allegations of the petition.

This appeal is from a judgment dismissing the plaintiff's suit.

The case presents only questions of fact, which the litigants seek to establish or disprove by oral testimony alone. We have read the testimony and we find conflicts therein

which cannot be reconciled, but the plaintiff is the complainant and the burden is upon her to prove the allegations of her petition by a reasonable preponderance of the credible testimony. We use the word credible advisedly, because the trial judge, who saw and heard the witnesses, is better able to determine their credibility than an appellate court with nothing before it but the typed record.

■ It is the rule that where oral testimony, alone, is relied upon, the trial judge's conclusions of fact must be given great weight, and his rulings thereon will not be disturbed unless there be manifest error.

For the reasons stated, the judgment appealed from is affirmed at appellant's cost.